UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **NAKEEMA STRINGFELLOW** | : | **CIVIL ACTION NO. 18-1212** |
| **VS.** | : | **JUDGE TERRY A. DOUGHTY** |
| **DEPARTMENT OF CHILDREN AND FAMILY SERVICES** | : | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a hybrid motion to dismiss [doc. # 13] for lack of subject matter jurisdiction, for insufficient service of process, and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(1), (5), & (6), or alternatively, motion for more definite statement, Fed.R.Civ.P. 12(e), filed by defendant, State of Louisiana, through the Department of Children and Family Services. The motion is opposed. For reasons assigned below, it is recommended that the motion be GRANTED-IN-PART, and that plaintiff's complaint, as amended, be dismissed without prejudice, in its entirety, as to all parties.

## Background

On September 12, 2018, Nakeema Stringfellow filed the instant pro se suit against the Louisiana Department of Children and Family Services ("DCFS") on a court-supplied form entitled, "Complaint Under Section 706(f) of the Civil Rights Act of 1964." (Compl.).[1] From what the court may discern, the thrust of plaintiff's complaint is that in October 2015, Mavis

---

[1] Section 706(f) of the Civil Rights Act, also known as Title VII, prohibits unlawful discrimination by employers against their employees.

Stringfellow, the grandmother of plaintiff's three children, F.S., M.S., and J.S., filed a complaint with DCFS that apparently resulted in DCFS's removal of plaintiff's three children from her home. According to the complaint, Mavis Stringfellow served as "caretaker" for the children for over one year, and then Natasha Stringfellow tried to care for them. Plaintiff later was notified by social worker, Kierra Richardson, and her supervisor, Pamela Henderson, that her children had been placed in a shelter and other foster care.

Stringfellow further alleged that in June 2017, her visits with her children inexplicably ceased.[2] She was under the impression that her parental rights had been suspended but temporarily, and that she had done everything asked of her to secure her children's return. Stringfellow also asserted that Judge Aisha Clark discriminated against her rights and concerns, apparently by failing to question Mavis Stringfellow or to speak with the social workers. In March and September 2018, Judge Tammy Lee was supposed to hold unspecified hearings, but never did. The foster care and social workers ceased to speak with Stringfellow.

On November 13, 2018, DCFS filed the instant motion to dismiss for lack of subject matter jurisdiction, for insufficient service of process, and for failure to state a claim upon which relief can be granted, or alternatively, motion for more definite statement.

On November 19, 2018, plaintiff filed an amended complaint(s) on court-supplied forms, entitled, "Complaint and Request for Injunction," and "Complaint for a Civil Case Alleging

---

[2] However, plaintiff attached a partial copy of a May 30, 2017, court order, entitled, "Judgment of Termination of Parental Rights and Certification of Child for Adoption," which ordered, *inter alia*, that the parental rights of Nakeema Stringfellow, as to F.S., M.S., and J.S., be "irrevocably dissolved and terminated . . ." *See In Re: F.S., M.S., and J.S.*, Docket No. 2015-J00135 (Monroe City Court) [doc. 1-2, pgs. 4-5]. The order found clear and convincing evidence that the children could not be safely returned to the mother and father(s) as they had failed to substantially comply with court approved case plans. *Id*. The judgment was entered following a hearing which Stringfellow attended, represented by counsel. *Id*.

2

Negligence." [doc. # 16]. Her amended complaint(s) joined additional defendants: Pamela Henderson, Kierra Richardson, Mavis Stringfellow, plus a current (unknown) social worker. Plaintiff alleged that she advised Henderson of Richardson's rude attitude and negligence. Moreover, Henderson made discriminating comments such as "[y]ou can't never get your children." Plaintiff further alleged that in October 2015, the "case plan was negligent," and contained false information. She requested that her children be returned home safely in a timely manner. She also asked for reimbursement of travel expenses for transportation and for having to relocate to different residences "over a period of time."

On November 30, 2018, plaintiff submitted a document styled as a "Motion to Review," [doc. # 18] which the court construed as her opposition to the DCFS's motion to dismiss. The gist of the rambling five page submission is that plaintiff was dissatisfied with the process that resulted in her children being permanently removed from her home, and that she wants to be reunited with her children.

On December 11, 2018, plaintiff filed (another) opposition to the motion to dismiss in which she asserted, *inter alia*, that she had been discriminated against as the birth mother of her children. [doc. # 22]. DCFS filed its reply brief that same day. [doc. # 21].[3] Therefore, the matter is ripe.

## Discussion

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern.*

---

[3] Plaintiff also filed a motion for preliminary injunction on December 11, which the District Court promptly denied. [doc. #s 23 & 25].

3

*Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). This practice ensures that a court without jurisdiction does not end up "prematurely dismissing a case with prejudice." *See In Re: Fema Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs), In Re: Fema Trailer Formaldehyde Products Liability Litigation (Alabama Plaintiffs)*, 668 F.3d 281 (5th Cir. 2012) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir.2016) (citations and internal quotation marks omitted).

In the case *sub judice*, plaintiff checked the boxes on her complaint form indicating that

the basis for federal court jurisdiction was federal question, 28 U.S.C. § 1331, and diversity, 28 U.S.C. § 1332. (Amend. Compl. [doc. # 16]). The court will address the latter statute, first.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiff and defendants, 28 U.S.C. § 1332. Here, although one of the pre-printed complaint forms utilized by plaintiff stated that the amount in controversy exceeded $75,000, she did not explain the basis for this allegation, as instructed on the form. *See* Amend. Compl. [doc. # 16].

Furthermore, the diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Diversity of citizenship is assessed at the time the action was brought. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570, 124 S.Ct. 1920, 1924 (2004). However, a state, and an agency that is an alter ego or arm of the state, is not a citizen for purposes of diversity jurisdiction. *Firefighters' Ret. Sys. v. Consulting Grp. Servs., LLC*, 541 B.R. 337, 350 (M.D. La. 2015) (citations omitted).

DCFS is an alter ego or arm of the State of Louisiana, and therefore, is not a citizen. *See Peter-Takang v. Sonnier*, 663 Fed. Appx. 315, 318 (5th Cir.2016) (citations omitted) (according sovereign immunity to DCFS). In addition, at the time suit was filed,[4] it appears that plaintiff was a Louisiana citizen, as are the individual defendants that she later joined. In short, the court lacks diversity jurisdiction.

The court also does not discern a colorable federal question on the face of plaintiff's

---

[4] Some time after suit was filed, plaintiff moved to Ohio.

complaint. "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). A district court should dismiss the case where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir.2013). Those circumstances are present here.

Plaintiff filed her original complaint on a form used to assert claims for employment discrimination under Title VII. However, plaintiff's accompanying narrative does not include any colorable allegations to indicate that she was employed by any of the defendants, or that she suffered discrimination or harassment in the workplace on the basis of a protected characteristic. *See Champagne v. Maenza*, No. 18-883, 2018 WL 1845203, at *2 (E.D. La. Apr. 18, 2018) (Title VII prohibits *workplace* discrimination based on race, color, religion, sex, and national origin).

The undersigned further recognizes that "before dismissing a pro se complaint, a district court ordinarily should give the litigant an opportunity to amend." *Bruce v. Little*, 568 Fed. Appx. 283 (5th Cir. 2014) (citing *inter alia*, *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998)). Here, plaintiff already has amended her complaint at least once. Moreover, at best, plaintiff's conclusory allegations of discrimination, unspecified constitutional violations,

and charges of general mistreatment suggest a claim under 42 U.S.C. § 1983.[5] However, as DCFS urged in its motion, it is well settled that

> [t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar. Section 1983 does not override the Eleventh Amendment bar.

*Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted). The Eleventh Amendment bars suits for both money damages and injunctive relief against a state entity. *Id*. It also precludes state law claims brought against the State and its departments (in federal court). *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997).

Section 1983 does not abrogate a state's sovereign immunity. *Hanna v. LeBlanc*, 716 Fed. Appx. 265, 268 (5th Cir.2017); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309 (1989). In addition, Louisiana has refused to waive its Eleventh Amendment immunity from suit in federal court. La. R.S. 13:5106; *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). Indeed, the State specifically invoked immunity via the instant motion. Finally, DCFS is an arm of the state, and therefore eligible for Eleventh Amendment protection. *Cummings v. Louisiana Dep't Children & Family Servs.*, No. 14-3362, 2015 WL 5015311, at *1 n.2 (W.D. La. Aug. 21, 2015) (and cases cited therein); *see Peter-Takang, supra* (according sovereign immunity to DCFS); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999) (suggesting that all Louisiana executive departments enjoy 11th

---

[5] Section 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citing 42 U.S.C. § 1983).

Amendment Immunity).[6] Accordingly, the court lacks jurisdiction to proceed against the state agency. *Warnock v. Pecos County, Tex.*, 88 F.3d 341 (5th Cir. 1996) (citing Fed.R.Civ.P. 12(b)(1)).[7]

Similarly, in the absence of a colorable claim "arising under" the Constitution or laws of the United States against the individual defendants, the court lacks jurisdiction to entertain

---

[6] The *Ex parte Young* doctrine recognizes an exception to Eleventh Amendment immunity for claims of prospective injunctive or declaratory relief against a state official. *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908). In other words, "prospective injunctive or declaratory relief against a state [official] is permitted . . . but retrospective relief in the form of a money judgment in compensation for past wrongs . . . is barred." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008) (citation omitted). However, to obtain declaratory and injunctive relief under the *Ex Parte Young* exception, a plaintiff must establish standing by showing: 1) injury in fact; 2) causation; and 3) redressability. *Tyson v. Tanner*, Civ. Action No. 08-4445, 2010 WL 2216507 (E.D. La. May 7, 2010) (R&R), *adopted* 2010 WL 2218628 (E.D. La. May 27, 2010) (citing *Gregory v. Texas Youth Comm'n*, 111 F. App'x 719, 721 (5th Cir. 2004)). Thus, if the state official does not have authority at the time of suit to redress the plaintiff's complaints, then the exception remains inapplicable. *Id*.

In this case, the court is not persuaded that the individual defendants sued by plaintiff are the proper state officials with authority to return her children. Furthermore, insofar as plaintiff is seeking an order requiring the DCFS to return her children to her custody, she risks transgressing the domestic-relations exception to federal court jurisdiction, which limits the federal courts' authority to "issue divorce, alimony, and child custody decrees." *Estate of Merkel v. Pollard*, 354 Fed. Appx. 88, 92 (5th Cir.2009) (citation omitted).

DCFS further argues that plaintiff's claim for relief is barred by the *Rooker-Feldman* doctrine, which "holds that inferior federal courts do not have the power to modify or reverse state court judgments." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir.2004) (citation omitted). The doctrine comprises four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir.2017) (citations omitted). The doctrine, however, applies only to "final judgment[s] rendered by a state's court of last resort." *Id*. (citation omitted).

On the existing record, there are no facts to establish that the underlying May 30, 2017, "Judgment of Termination of Parental Rights and Certification of Child for Adoption," issued by the Monroe City Court was a final judgment issued by the state's court of last resort. Therefore, by its strict and narrow terms, *Rooker-Feldman* is inapplicable. *See Gross v. Dannatt*, 736 Fed. Appx. 493, 494–95 (5th Cir.2018).

[7] Having determined that plaintiff did not establish a basis for the exercise of federal jurisdiction, and that, in any event, the defendant state agency is entitled to Eleventh Amendment immunity, the court does not reach movant's additional bases for dismissal.

8

plaintiff's cause of action against them.[8] Plaintiff did not invoke § 1983; thus, any unarticulated constitutional claims are subject to dismissal. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir.1994); *Mitchell v. City of Houston, Tex.*, 57 Fed. Appx. 211 (5th Cir.2003). Insofar as plaintiff *intended* to assert a § 1983 claim against the individual defendants, the court observes that §1983 does not create any substantive rights; it simply provides a remedy for the rights designated therein. *Harrington, supra*. "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Id*. (citation omitted).

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994). The first inquiry is whether plaintiff has alleged a violation of a constitutional right at all. *Id*. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995). Moreover, in order to plead a § 1983 cause of action, a plaintiff "must establish that the defendant was either personally involved in the deprivation or that h[er] wrongful actions were causally connected to the deprivation." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Thus, a successful § 1983 claim "must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

---

[8] The court possesses the inherent authority to dismiss a party sua sponte. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties); *Thomas v. Texas Dept. of Family and Protective Services*, 427 Fed. Appx. 309 (5th Cir. 2011) (sua sponte dismissal on 11th Amendment grounds). Also, where a defending party establishes that a plaintiff has no cause of action, this defense should inure to similarly situated defendants. *See Lewis v. Lynn* 236 F.3d 766, 768, 236 F.3d 766 (5th Cir. 2001) (citations omitted).

Stringfellow did not identify any constitutional right that any particular defendant purportedly abridged. Moreover, verbal threats, harassment and name-calling do not violate the Constitution. *Allen v. Haywood Investigations*, 2011 WL 1792478, *2 (W.D. La. Apr. 20, 2011) *(citing inter alia, Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995)).[9]

Furthermore, as to Mavis Stringfellow, plaintiff failed to alleges facts to suggest that she is a state actor, as contemplated by § 1983. Traditionally, "acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). Thus, to constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 n. 18 (1982). Moreover, private entities are not generally considered state actors. *Meade v. Dillard Dept. Stores*, 275 F.3d 43, 43 (5th Cir. 2001).

Plaintiff's complaint, as amended, is devoid of any factual allegations to suggest that

---

[9] The court notes that plaintiff faulted the performance of the judges in the underlying case. However, she did not join them as defendants in this suit. Even if she had, the judges are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *see also Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for h[er] judicial acts even if h[er] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286 (1991).

Mavis Stringfellow's conduct can be attributed to the State, or that the State encouraged, participated, or otherwise coerced Mavis Stringfellow's actions. Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (quoted source omitted).

In sum, plaintiff has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction.

## Conclusion

In the absence of any cognizable basis for the exercise of subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(b)(1). Accordingly,

IT IS RECOMMENDED that defendant, State of Louisiana, through the Department of Children and Family Services' motion to dismiss [doc. # 13] be GRANTED-IN-PART, and that plaintiff's complaint, as amended, be DISMISSED, WITHOUT PREJUDICE, in its entirety, as to all parties. Fed.R.Civ.P. 12(b)(1) and (h)(3).

IT IS FURTHER RECOMMENDED that the motion, including the alternative motion for more definite statement [doc. # 13], otherwise be DENIED, as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a

final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 15th day of January 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE